**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3183-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ISMAEL GONZALEZ,

    Defendant-Appellant.

_____

Submitted February 6, 2019 – Decided July 9, 2019

Before Judges Ostrer and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-03-0766.

Zucker Steinberg & Wixted, PA, attorneys for appellant (Dennis Wixted, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury found defendant Ismael Gonzalez guilty of third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1), distribution, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3), and distribution in a school zone, N.J.S.A. 2C:35-7(a); and fourth-degree destruction of evidence, N.J.S.A. 2C:28-6(1). Judge Kathleen M. Delaney granted the State's motion for a mandatory extended term, and, after merger, sentenced defendant to an eight-year prison term on the school zone offense, with a four-year parole disqualifier, and a consecutive eighteen-month prison term on the destruction-of-evidence offense.

In his appeal from his conviction and sentence, defendant presents the following points for our consideration:

> POINT I: THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE DEFENDANT'S CONVICTIONS AS THE STATE FAILED TO PROVE THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT (RAISED BELOW: 1T208 (ON COUNTS 1, 2, 3); NOT RAISED BELOW ON COUNT 4).
>
> POINT II: THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO A PRISON TERM AT THE HIGHER END OF HIS GUIDELINE RANGE ON COUNT 3 AND IMPOSED A CONSECUTIVE, NOT CONCURRENT SENTENCE ON COUNT 4 (RAISED BELOW, 4T10, 4T13).
>
> POINT III: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S ORAL MOTION TO STAY SENTENCING PROCEEDINGS TO FILE AN INTERLOCULTORY [sic] APPEAL FROM THE

2

DENIAL OF ACCEPTANCE INTO DRUG COURT PROGRAM, IN WHICH HE SHOULD HAVE BEEN PERMITTED TO PARTICIPATE (RAISED BELOW, 4T5-6).

We discern no merit to defendant's arguments and affirm.

As defendant did not move for a new trial, his argument that the conviction was against the weight of the evidence is procedurally barred.[1] Rule 2:10-1 states that "the issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court." See State v. McNair, 60 N.J. 8, 9 (1972) (applying the Rule). The procedural requirement is no mere technicality; it reflects our obligation to defer to a trial court's ruling, which is based on its feel of the case, and its opportunity to assess witness credibility. State v. Carter, 91 N.J. 86, 96 (1982). Although the Rule may be relaxed in the interests of justice, to prevent a miscarriage of justice under the law, State v. Smith, 262 N.J. Super. 487, 512 (App. Div. 1993), there is no compelling reason to do so here.

---

[1] Although defendant asserts in his first point on appeal that the sufficiency-of-evidence argument was raised below as to the drug possession and distribution charges, the record reference pertains to an evidentiary objection in the midst of the State's case, not a new trial motion.

A-3183-17T1

In any event, defendant's argument that the State's proofs were insufficient lacks substantive merit. On a motion for a new trial, "[t]he evidence should be sifted to determine whether any trier of fact could rationally have found beyond a reasonable doubt that the essential elements of the crime were present." Carter, 91 N.J. at 96. We conclude the jury's verdict was rationally based on the evidence, particularly the testimony of two Camden County police officers, one of whom said that, while undercover, he purchased heroin directly from defendant.

Detective Andrew Coulter testified that he observed defendant appear to sell narcotics from the back window of a Camden City home. Two-and-a-half weeks later, Coulter returned and, undercover, purchased three small glassine packets of heroin from defendant for $30. Other officers then entered the home to arrest defendant, after a delay during which they removed a metal gate that blocked the front door. Coulter followed shortly after. He recognized defendant, handcuffed and sitting on the couch, as the man who sold him drugs. Defendant then volunteered, "You're not going to find anything. I just flushed it." A second Camden detective, Nigel Schockley, testified that he overheard defendant's "I just flushed it" statement.

A-3183-17T1

A search of the home, including the toilet, uncovered no other drugs or paraphernalia, but it did reveal $1292 in cash, including the currency Coulter used. To identify the currency, Coulter referred to the serial numbers and an undated photograph he said he took of his purchase money before the undercover operation. Coulter also identified defendant in court. Coulter said that a field test of one packet of the purchased substance at the police station confirmed that it was heroin. A witness from the State Police Laboratory testified that one randomly chosen packet later tested positive for heroin.

Defendant's sole witness was his sister, who owned the home where defendant lived, and identified various photographs of the home. In particular, she noted that the rear windows had metal gates, which Coulter and Schockley did not recall when they testified.

Defendant challenges the drug possession and distribution charges primarily on the ground that the State did not adequately maintain a chain of custody of the drugs. Coulter testified that the drug packets sat in an evidence drawer, unlogged and accessible to other officers, for what turned out to be four days, before they were transferred to the prosecutor's office, which submitted them to the State Laboratory a week later. On appeal, defendant does not challenge the court's admission, over defense objection, of the drugs Coulter

testified he purchased. Rather, he contends that deficiencies in the storage and documentation of the drugs justifies upsetting the verdict.

We disagree. Coulter presented a sufficient foundation for finding it reasonably probable that the evidence was intact and unchanged. See State v. Mosner, 407 N.J. Super. 40, 62 (App. Div. 2009) (discussing chain-of-custody foundation for admission of evidence). It was up to the jury to decide whether the method of securing the evidence raised reasonable doubt that defendant sold the heroin presented at trial. See State v. Morton, 155 N.J. 383, 446-47 (1998) (stating that "a defect in the chain of custody goes to the weight, not the admissibility, of the evidence introduced") (quoting United States v. Matta-Ballesteros, 71 F.3d 754, 769 (9th Cir. 1995)). The jury obviously concluded it did not.

Little need be said about defendant's challenge to the sufficiency of evidence supporting the destruction-of-evidence charge. Two officers stated defendant admitted flushing "it" down the toilet. Those statements, plus the officers' inability to find any other drugs in the house, despite the other evidence of drug distribution, was sufficient circumstantial evidence to support the jury's verdict that defendant destroyed evidence.

A-3183-17T1

We also reject defendant's challenge to his sentence. The court properly granted the State's motion for an extended term based on defendant's prior conviction for distribution within a school zone. The court reviewed defendant's record, noting the current indictable conviction was his fourth, following two for drug conspiracy and the prior school zone offense. He also had two convictions for contempt of a domestic violence restraining order. The court found aggravating factors three, risk of reoffending; six, prior criminal record; and nine, the need to deter defendant and others. See N.J.S.A. 2C:44-1(a)(3), (6), (9). Absent any mitigating factors, see N.J.S.A. 2C:44-1(b), the court found, clearly and convincingly, that the aggravating factors substantially outweighed the mitigating. The court also considered the factors under State v. Yarbough, 100 N.J. 627, 643-44 (1985), and concluded that the destruction of evidence offense was separate and distinct from the possession and distribution charges, and justified a consecutive sentence.

We deferentially review the trial court's sentencing determination. State v. Grate, 220 N.J. 317, 337 (2015). Judge Delaney thoroughly reviewed the aggravating and mitigating factors and explained in ample detail the reasons for the sentence she imposed, including the consecutive sentence. See State v. Fuentes, 217 N.J. 57, 74 (2014) (stating that trial courts must provide a "clear

and detailed statement of reasons" for a sentence). We reject defendant's argument that the court was obliged to find mitigating factor 10 – amenability to probation – and factor 11 – excessive hardship to himself or others. N.J.S.A. 2C:44-1(b)(10), -1(b)(11). The court's finding of aggravating factors and lack of mitigating factors was "based upon competent and credible evidence in the record." Fuentes, 217 N.J. at 70 (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)). Defendant reoffended despite previous probationary opportunities and was subject to a mandatory extended term of at least five years. Furthermore, the court found that defendant's young son would be cared for by his paternal grandmother, with whom he was living, along with defendant.

We also discern no error in the court's well-reasoned imposition of a consecutive sentence. Unlike the drug offenses, which were motivated by financial gain, the destruction of evidence was motivated, as the trial judge noted, by the goal of impeding law enforcement. The court was justified in imposing a consecutive sentence for this distinct and separate crime. In sum, defendant's sentence does not shock our judicial conscience. See State v. Case, 220 N.J. 49, 65 (2014). Therefore, we will not disturb it.

Finally, we need not comment on defendant's argument that the trial court erred in not staying sentencing until defendant pursued an interlocutory appeal

of a different judge's denial of his application for Drug Court. The issue of the stay is moot; and defendant did not appeal the Drug Court denial itself. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION